# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN AINSWORTH, | Case No. CV 10-6602 DDP (JCG) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |
| TIM VIRGA, Warden, | |
| Respondent. | |

## I.
## PROCEEDINGS

On September 3, 2010, petitioner Kevin Ainsworth ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") constitutionally challenging his 2007 conviction. Petitioner was convicted for possession of marijuana, cocaine, and PCP for sale, possession of a firearm by an ex-felon, and transportation of a controlled substance. (*See* Pet. at 2.) On June 15, 2007, Petitioner was sentenced to 36 years imprisonment. (*Id*.)

Petitioner appealed his conviction to the California Court of Appeal on five grounds: (1) the trial court erred when it denied Petitioner his right to self-representation; (2) the trial court erred when it denied Petitioner a new trial

based on juror misconduct; (3) the trial court abused its discretion in sentencing Petitioner to consecutive terms; (4) the trial court erred by failing to stay sentencing on Petitioner's marijuana count; and (5) the trial court erred by failing to strike Petitioner's prior prison terms.  (Pet. at 2-3.)

On April 28, 2009, the Court of Appeal affirmed the trial court's judgment, in part, but also remanded for re-sentencing.  (*Id.* at 3.)  Petitioner then filed a Petition for Review in the California Supreme Court, which was denied on August 12, 2009.  (*Id.*)

Petitioner alleges that he also filed at least two state collateral attacks against his conviction.  First, on July 18, 2007, Petitioner filed a state habeas petition in the California Court of Appeal, raising five grounds:  (1) ineffective assistance of trial counsel in failing to pursue a suppression motion; (2) ineffective assistance of trial counsel due to counsel being under the influence of medication; (3) properly obtained evidence was insufficient to establish Petitioner's guilt; (4) Petitioner's right to conflict-free representation was denied; (5) the prosecutor knowingly used false evidence to convict Petitioner; and (6) ineffective assistance of appellate counsel in failing to raise several claims on appeal. (Pet. at 3-4.)  On April 28, 2009, the Court of Appeal denied Petitioner's habeas petition.  (*Id.* at 4.)

Second, Petitioner allegedly filed a state habeas petition in the California Supreme Court, raising the same six grounds.  (Pet. at 8.)  Petitioner asserts that this California Supreme Court petition is "**now pending**."[1]  (*Id.* (emphasis added).)

The instant Petition contains eight grounds for relief – grounds 1 and 2 from Petitioner's direct appeal, and all six grounds from Petitioner's state habeas

---

[1] In a different section of the Petition, Petitioner states that he filed a habeas petition in the California Supreme Court, raising identical grounds to his pending California Supreme Court habeas petition, but states that the petition was "denied." (Pet. at 4.)  The Court is unable to determine whether Petitioner is referring to the same petition or a different petition.

petitions. (Pet. at 5-6A.)

## II.

## **DISCUSSION**

Under 28 U.S.C. § 2254(b)(1)(A), a federal habeas court may not grant "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . . ; or (2) by showing that at the time the petitioner files the habeas petition in federal court[,] no state remedies are still available to the petitioner and the petitioner ha[s] not deliberately by-passed the state remedies." *Sherwood v. Tomkins*, 716 F.2d 632, 634 fn. 1 (9th Cir. 1983) (internal citations and quotation marks omitted).

Thus, "[w]hen . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.2d at 634; *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (*per curiam*) (state remedies not exhausted if a state post-conviction proceeding is pending).

As the Ninth Circuit cogently explained, even if the federal constitutional question raised by the habeas petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969) (*per curiam*).

Petitioner acknowledges that he is currently awaiting adjudication on a habeas petition to the California Supreme Court. (Pet. at 8.) Since Petitioner retains a pending state action which may moot or otherwise affect his alleged constitutional claims before this Court, he must await the outcome of that action

before presenting his claims in federal court.  The California Supreme Court must be afforded the opportunity to remedy any alleged constitutional violations in the first instance.  *See Sherwood*, 716 F.2d at 634;  *see also Schnepp*, 333 F.2d at 288; *Craft v. Sisto*, 2008 WL 906438, at *2 (C.D. Cal. Apr. 1, 2008); *Fordjour v. Ayers*, 2007 WL 1795723, at *1-2 (N.D. Cal. June 20, 2007);  *Kilgore v. Malfi*, 2007 WL 1471293, at *2-3 (N.D. Cal. May 17, 2007).

### III.
### ORDER

Accordingly, within **thirty (30)** days of the date of this Order, Petitioner is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for the reasons stated above.

Alternatively, if Petitioner contends that he does **not** have a California Supreme Court habeas petition that is currently pending, Petitioner may file a First Amended Petition within **thirty (30)** days, which corrects any misstatements made in the original Petition.  If Petitioner files a First Amended Petition, he should not respond separately to this Order to Show Cause.

Petitioner is forewarned that a failure to timely file a response to this Order to Show Cause will be deemed by the Court as consent to the dismissal of this action without prejudice.

DATED:  September 10, 2010

_____
Hon. Jay C. Gandhi
United States Magistrate Judge