Kevin Ainsworth E-77571
C.S.P.-Sac. F-C-1-106
P.O. Box 29-0066
Represa, Calif. 95671

In Pro-Se



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN AINSWORTH,<br>        Petitioner,<br>vs.<br>TIM VIRGA, (WARDEN).,<br>        Respondent. | Case NO. 2: 10-CV-06602 DDP(JCG)<br><br>PETITIONER'S MOTION AND REQUEST TO STAY HABEAS CORPUS PROCEEDINGS AND HOLD IN ABEYANCE WHILE PETITIONER EXHAUST REMAINING ISSUES IN STATE COURT |

TO: THE HONORABLE MAGISTRATE JUDGE, AND PRESIDING JUDGE OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA.

COMES NOW Petitioner, Kevin Ainsworth, pursuant to applicable rules of this court, hereby moves this court to issue it's order to: "Stay the Habeas Corpus proceedings and hold the petition in Abeyance" in the above-entitled cause of action while petitioner exhaust remaining issues in the state court.

Petitioner had initially attempted to file his state habeas petition to the California Supreme Court on August 5, 2010, however, petitioner's envelope containing the habeas petition was returned, see (Copy of Envelope incorporated herein as Exhibit "A").

//

1

Petitioner sought the courts current address from the C.S.P.-Sac Facility-C Law Library and only received the same address that is now incorrect. Petitioner, subsequently was able to get the address to the San Francisco, California branch and has since mailed a copy to that address, but has not of the date of filing this instant request received notice from the court indicating that the habeas petition has been filed.

Petitioner contends that good cause exist why the motion for stay and abeyance should be granted as follows:

a. Petitioner has diligently pursued his habeas claims in the state courts;

b. That petitioner had been out-to-court following remand of one of the claims presented in his direct appeal;

c. That the claims that are being exhausted in the state court had been initially raised contemporaneously with the direct appeal;

d. That petitioner had initially been informed that he was required to wait until his direct appeal following remand for re-sentencing had caught up with the claims petitioner has now submitted to the California Supreme Court. But Now petitioner has been informed by appellate counsel that he was required to immediately pursue his claims without waiting because the AEDPA clock started to run after the California Supreme Court ruled on the Petition for Review;

e. That because petitioner could conceiveably be discharged if granted relief in either the state or federal court as to the aforementioned claims submitted to the state court

this court in the interest of justice, should stay the habeas corpus proceedings, until the time the state court renders an adjudication of the un-exhausted claims, with directions that petitioner returns to this court within thirty (30) days of the state courts decision, thus avoiding petitioner being precluded from raising these claims under the prohibition to second or successive petitions;

 f. That because the unexhausted claims are a part of the original transactions herein, they would not be barred by the Federal Rule of Civil Procedure, rule 15;

 g. That the respondent would not be adversely affected or prejudiced if such a stay was granted. That petitioner does not intend for the stay and abeyance to act as an unnecessary delay in this courts adjudication of the merits of the claims;

 h. That petitioner does not intend to vex, harass, or gain a advantageous position over respondent. And that the proper administration of justice would be served were petitioner afforded the opportunity to exhaust these remaining claims in the state court;

 i. That the claims are cognizable habeas claims, wherein if deemed to be true, would entitle petitioner to the relief soughtherein this instant federal habeas petition.

WHEREFORE, PETITIONER prays that this court issue it's order granting the stay, and holding the petition in abeyance.

Dated: _____, 2010.   Respectfully Submitted By,

_____
Kevin Ainsworth
Petitioner In Pro-Se

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO STAY HABEAS CORPUS AND HOLD IN ABEYANCE

ARGUMENTS
I
THE COURT HAS AUTHORITY TO GRANT A STAY
OF A FEDERAL HABEAS PETITION UPON A SHOW
OF GOOD CAUSE SO LONG AS THE CLAIMS ARE
COGNIZABLE UNDER FEDERAL HABEAS CORPUS

Precedent from the United States Court of Appeals for the Ninth Circuit 'unequivocally authorizes District Court's to stay fully exhausted federal petitions, pending the exhaustion of other claims'. see, e.g., Anthony v. Cambra, 236 F.3d 586, 575, citing to Calderon v. U.S,District Court(Taylor), 134 F.3d 981, 986-88; and Fetterly v. Paskett, 997 F.2d 1295, 1301.

The courts exercise of discretion is guided by several considerations: (1) Whether the claims petitioner seeks to exhaust are cognizable in federal habeas corpus proceedings; (2) The reasons for the delay in raising the unexhausted claims; and (3) Whether the motion to stay is brought to "delay, vex, or harass", Fetterly, supra, 997 F.2d at p.1301-02; Taylor, supra, 134 F.3d at p.987-88, n.8, n.11.

Here in the case sub judice the issues are cognizable in a federal habeas petition and should it becomes necessary, to so adjudicate the same in this forum, where the claims addresses the denial of effective assistance of counsel in several instances, and a violation of federal due process rights.

The reason for the delay is based on misinformation about the proper functioning of the AEDPA's statutory limitation, and is not the result of fault on petitioner's behalf, or negligence.
//

1  Thus, the proper administration of justice in this case
2  requires that the proceedings be stayed, so as to resolve all
3  petitioner's issues in a single forum, and if necessary, these
4  issues should be adjudicated herein this forum. see, McClesky
5  v. Zant, 499 U.S. 467, 488-89.
6  The fact that petitioner was informed that he needed to
7  wait until his direct appeal following remand for re-sentencing
8  was completed before the filing of his federal habeas petition,
9  and;
10  The fact that petitioner upon later learning that he needed
11  to pursue his other claims to the California Supreme Court instead
12  of waiting, because the AEDPA statuory time limitation clock had
13  started ticking, and based on that information petitioner immedi-
14  ately submitted his state habeas petition to the California
15  Supreme Court.
16  Petitioner asserts that there is no legal authority on the
17  issue of whether or not the AEDPA statutory limitations starts
18  to run on some claims despite the fact that one or more claims
19  may have been remanded back to the trial court.
20  The confusion stemming from the lack of legal precedent on
21  this issue does provide justification for petitioners failure to
22  pursue his state habeas petition irregardless of any other
23  factor, instead of waiting for the direct appeal of the issues
24  stemming from the remanded proceedings, gives adequate
25  justification for petitioner's delay
26  ///
27  //
28  //

II
THE DISTRICT COURT MAY GRANT A STAY OF
A HABEAS PETITION IF IN IT'S DISCRETION
THE COURT FINDS THAT THE REQUEST IS NOT
INTENDED TO DELAY OR IS THE RESULT OF
INEXCUSABLE NEGLECT OF THE PETITIONER

Petitioner is a layman at law, who despite this fact did diligently pursue the resolution os his claims in the state court so as to reduce the potential for unnecessary delay.

Also, petitioner has sought relief in the first instances in the state court prior to submitting his federal habeas petition.

However, petitioners the victim of circumstances beyond his control. He had no way of knowing that the Los Angeles offices of the California Supreme Court would move to a location that he would not be able to learn of the new address, nor was petitioner able to control the fact that the prison law library would not have any information on the AEDPA as it relates to a states highest court partially granting relief, and it's effects on the start of the time for filing a habeas petition in the federal courts.

Petitioner has diligently pursued this matter, thus petitioner contends that good cause exist why the court should grant this instant motion to stay and hold the petition in abeyance. see, e.g., Rhines v. Weber, 544 U.S. 269, 275-78; Kelly v. Small, 315 F.3d 1063.

III
IF THE COURT WERE TO GRANT A STAY OF
THE PROCEEDINGS THE CLAIMS WOULD NOT BE
BARRED BY FED. R. CIV.P 15

[L]eave [to amend] shall be freely given when justice so requires, and where the issues to be incorporated are a part of the original transaction. see Federal Rule of Civil Procedure

6

Rule 15(a).

Because petitioner must specifically set forth all of his claims in one single filing of his federal habeas petition pursuant to habeas Corpus Rule (2)(c), petitioner has submitted all of his claims herein this instant petition so as to avoid being barred by Federal Rule of Civil procedure, rule 15.

## IV
## THE COURT FOLLOWING A GRANT OF A STAY OF THE PROCEEDINGS HAS AUTHORITY TO FURTHER GRANT A MOTION TO AMEND THE PETITION UPON EXHAUSTING THOSE CLAIMS PREVIOUSLY UNEXHAUSTED TO AVOID THE NEED FOR FILING A SECOND/SUCCESSIVE PETITION

Habeas Rule 9(b) discourages 'second or successive' petitions and where as here, petitioner filed a mixed petition and the court granted a stay to afford the petitioner an opportunity to exhaust those claims in the state court, would later have the authority to grant eave to file an amended habeas petition to re-incorporate those now esxhausted claims. see, e.g., Calderon v. United States district court, 134 F.3d 981; and Neushafer v. Whitley, 860 F.2d 1470, 1472, n.1

WHEREFORE, petitioner prays that this court grant his request for a stay of the proceedings and hold the habeas petition in abeyance.

Dated: _____, 2010.        Respectfully Submitted By,

_____
Kevin Ainsworth
Petitioner In Pro-Se

7